Matter of L.H.R. (Y.L.--Q.L.R.) (2023 NY Slip Op 06223)

Matter of L.H.R. (Y.L.--Q.L.R.)

2023 NY Slip Op 06223

Decided on December 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2023

Before: Kern, J.P., Gesmer, Moulton, Kennedy, Higgitt, JJ. 

Docket No. NN-10405/21 Appeal No. 1142 Case No. 2023-00498 

[*1]In the Matter of L.H.R., a Child Under Eighteen Years of Age, etc., Y.L., Respondent-Appellant, Q.L.R., Respondent, Administration for Children's Services, Petitioner-Respondent.

Steven N. Feinman, White Plains, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jeremy Pepper of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the child.

Order of fact-finding and disposition (one paper), Family Court, Bronx County (David J. Kaplan, J.), entered on or about December 8, 2022, which, to the extent appealed from as limited by the briefs, after a hearing, determined that respondent mother neglected the subject child, unanimously affirmed, without costs.
A preponderance of the evidence supports Family Court's finding that the mother neglected the child by inflicting excessive corporal punishment on her. The child's out-of-court statements that the mother became angry, grabbed the child by the hair, pulled her across the room, and choked her, causing cuts and bruises, and threatened her with scissors, were corroborated by the testimony of the Administration for Children's Services (ACS) caseworker that she observed and photographed the child's injuries to her arm, knee, elbow, and face (see Matter of Empress B. [Henrietta L.], 204 AD3d 562, 563 [1st Dept 2022]). That the child's injuries resulted from only one incident does not preclude a finding of excessive corporal punishment (id. at 563).
Further, the court credited the caseworker's testimony and found the mother's testimony to be self-serving, and there is no basis for disturbing the court's credibility determinations (see Matter of Syeda A. [Syed I.], 186 AD3d 1145, 1146 [1st Dept 2020]), which are entitled to great deference on appeal (Matter of Any G. v Ayman H., 208 AD3d 1097, 1098 [1st Dept 2022]). Regardless of whether the mother had a valid reason for disciplining the child, her response went beyond any common-law right to use reasonable force to discipline her child (see Matter of Desiree D. [Iris D.], 209 AD3d 547, 548 [1st Dept 2022]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2023